UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Michael J. Cole

      v.                               Civil No. 06-cv-234-SM

Coos County Department
of Corrections, et al.

**REPORT AND RECOMMENDATION**

Pro se plaintiff Michael J. Cole has filed a complaint,
pursuant to 42 U.S.C. § 1983, alleging various constitutional
deprivations in violation of his rights under the Sixth and
Fourteenth Amendments to the United States Constitution (document
no. 1).  Seeking declaratory, injunctive[1] and monetary relief, he

---

[1]It is well established that an inmate's transfer to a
different correctional facility moots his request for injunctive
relief against employees of the transferor facility.  See Fuller
v. Dillon, 236 F.3d 876, 882-83 (7th Cir. 2001)(request for
injunctive relief rendered moot upon inmate's transfer); Wilson
v. Yaklich, 148 F.3d 596, 601 (6th Cir. 1998)(same); Prins v.
Coughlin, 76 F.3d 504, 506 (2d Cir. 1996)(same); Cain v. Jones,
No. 05 CV 3914 LAP MHD, 2006 WL 846722, at *2 (S.D.N.Y. March 30,
2006)(prisoner's transfer to a different correctional facility
moots her request for injunctive relief against employees of
transferor facility).  Cole seeks prospective injunctive relief
against the CCDOC, a facility where he is no longer incarcerated,
and its employees.  Because he is now incarcerated in the Maine
State Prison, he is not suffering continuing harm or the threat
of repeated injury at the hands of the CCDOC or its officials and
employees.  Accordingly, I conclude that his request for
injunctive relief against the CCDOC and its employees is moot.

brings this action against the Coos County Department of Corrections ("CCDOC"), Suzanne Collins, Acting Superintendent of the CCDOC and seven CCDOC corrections officers: Brunault; Gagnon; Blais; Dube; Jones; Lyons; and Preherno.

The complaint is before me for preliminary review to determine whether, among other things, it states a claim upon which relief may be granted.  See 28 U.S.C. § 1915A; U.S. District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(2).  For the reasons stated below, I conclude that Cole has stated cognizable Sixth and Fourteenth Amendment claims premised upon the denial of recreation, equal protection, meaningful access to the courts and the right to counsel against the CCDOC, Collins, Brunault, Gagnon, Blais, Dube, Jones, Lyons and Preherno.  I recommend dismissal of all remaining claims.  I further recommend that Cole's motion for appointment of counsel (document no. 3) be denied and that his motion to serve defendants by the United States Marshal (document no. 5) be granted.

### Standard of Review

In reviewing a pro se complaint, this court must construe the pleading liberally and in favor of the pro se litigant.  See

Ayala Serrano v. Gonzalez, 909 F.2d 8, 15 (1st Cir. 1990)
(following Estelle v. Gamble, 429 U.S. 97, 106 (1976)).  At this
preliminary stage of review, all factual assertions made by the
plaintiff and inferences reasonably drawn therefrom must be
accepted as true.  See Aulson v. Blanchard, 83 F.3d 1, 3 (1st
Cir. 1996)(stating the "failure to state a claim" standard of
review and explaining that all "well-pleaded factual averments,"
not bald assertions, must be accepted as true).  This review
ensures that pro se pleadings are given fair and meaningful
consideration.  See Eveland v. Director of CIA, 843 F.2d 46, 49
(1st Cir. 1988).

### Background

    Construing the facts in the light most favorable to Cole,
the material facts are as follows.  Cole is currently
incarcerated at the Maine State Prison in Warren, Maine.  This
action stems from events that occurred during his pretrial
incarceration at the CCDOC.  While in disciplinary segregation at
the CCDOC from August 9, 2005 through September 4, 2005, Cole was
confined in his cell twenty-four hours a day.  During that one
month period, he allegedly was denied access to legal counsel and
adequate law library facilities and was further denied any

opportunity for recreation, telephone calls, television or cards. He was permitted to shower only on eight weekend days[2], at which time he was allowed out of his cell and into a day room where he was permitted fifteen minutes to shower and use the telephone. Although he was granted telephone privileges on the above eight days, each day was a Saturday or Sunday, therefore, he was unable to contact his attorney.  As a result, Cole claims, defendants constructively barred him from communicating with his attorney and interfered with his right of access to the courts.  He further claims that defendants have discriminated against him on the basis of his pretrial status by denying him the same amount of recreation time and law library access that was afforded to convicted inmates.

Cole now brings this civil rights action, alleging that defendants' acts and omissions rise to the level of constitutional deprivations in violation of his Sixth and Fourteenth Amendment rights.

---

[2]On the following days, Cole was permitted fifteen minutes each day to shower and use the telephone: August 13-14, 2005; August 20-21, 2005; August 27-28, 2005; and September 3-4, 2005.

**Discussion**

I. <u>Section 1983 Claims</u>

Section 1983 creates a cause of action against those who, acting under color of state law, violate federal law.  <u>See</u> 42 U.S.C. § 1983; <u>Parratt v. Taylor</u>, 451 U.S. 527, 535 (1981); <u>Rodriguez-Cirilo v. Garcia</u>, 115 F.3d 50, 52 (1st Cir. 1997).  In order to be held liable for a violation under Section 1983, a defendant's conduct must have been a cause in fact of the alleged constitutional deprivation.  <u>See</u> <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658, 692 (1978); <u>Soto v. Flores</u>, 103 F.3d 1056, 1061-62 (1st Cir. 1997).  The premise of Cole's Section 1983 claim is that the defendants, acting under color of state law, have violated his Sixth and Fourteenth Amendment rights by denying him constitutional conditions of confinement, equal protection, meaningful access to the courts and the right to confer with counsel.

A.    <u>Conditions of Confinement</u>

Because Cole was a pretrial detainee at all times relevant to this action, his claims challenging the conditions of his confinement are analyzed under the Due Process Clause of the Fourteenth Amendment rather than the Eighth Amendment.  <u>See</u> <u>Burrell v. Hampshire County</u>, 307 F.3d 1, 7 (1st Cir. 2002)

(holding that pretrial detainees are protected under the
Fourteenth Amendment Due Process Clause, rather than the Eighth
Amendment, but are afforded the same Eighth Amendment standards).
"A pretrial detainee's claim that he has been subjected to
unconstitutional conditions of confinement implicates Fourteenth
Amendment liberty interests."  Surprenant v. Rivas, 424 F.3d 5,
18 (1st Cir. 2005).  "The parameters of such an interest are
coextensive with those of the Eighth Amendment's prohibition
against cruel and unusual punishment."  Id. (citing Burrell, 307
F.3d at 7).  In order to establish a constitutional violation, a
prisoner must meet both objective and subjective criteria.  Id.
(citing Farmer v. Brennan, 511 U.S. 825, 832–34 (1994)).  First,
he must establish that, from an objective standpoint, "the
conditions of his confinement deny him the minimal measure of
necessities required for civilized living."  Id.  Second, he must
show that, from a subjective standpoint, the defendant was
deliberately indifferent to his health or safety.  Id.

      1.   Recreation

In this action, Cole's complaints of being denied the
opportunity for recreation for a one month period, combined with
his allegations of resulting anxiety and psychological stress,
allege deprivations sufficiently extreme to establish a

cognizable constitutional claim.  See Thomas v. Ramos, 130 F.3d 754, 763 (7th Cir. 1997) (holding that lack of exercise may rise to an Eighth Amendment violation in limited circumstances where movement is denied, muscles are allowed to atrophy and the inmate's health is threatened); Antonelli v. Sheahan, 81 F.3d 1422, 1432 (7th Cir. 1996)(holding that "[l]ack of exercise may rise to a constitutional violation in extreme and prolonged situations where movement is denied to the point that the inmate's health is threatened" (inmate denied recreation for periods of up to seven weeks in succession)); Keenan v. Hall, 83 F.3d 1083, 1089-91 (9th Cir. 1996)(holding that denial of all out-of-cell exercise time and denial of personal hygiene items states a constitutional violation); Anderson v. Romero, 72 F.3d 518, 527 (7th Cir. 1995) (identifying the denial of all opportunity for out-of-cell exercise as a possible Eighth Amendment violation); Conyers v. Michigan Department of Corrections, No. 5:06-CV-100, 2006 WL 2644990, at *6 (W.D. Mich. Sept. 14, 2006)(holding that "Eighth Amendment standards entitle prisoners to exercise sufficient to maintain reasonably good physical and mental health.").

Cole has alleged that the denial of recreation has threatened or adversely affected his mental well being and has

caused him to suffer psychological stress and anxiety.  While his allegations are not entirely clear, he appears to allege that for a one month period he was confined to his cell twenty-four hours a day without any out-of-cell recreation.  On weekends, he was permitted only fifteen minutes to shower and make telephone calls.  He alleges that he reported the inhumane conditions to Brunault, Gagnon, Blais, Dube, Jones, Lyons and Preherno and that defendants were aware of his complaints but failed to remedy the problem.  Although valid institutional reasons may exist to warrant the imposition of such restrictions on Cole, the record at this stage of the proceedings is silent.  For purposes of preliminary review, therefore, I find that Cole has alleged a cognizable Fourteenth Amendment claim premised on the denial of recreation against Brunault, Gagnon, Blais, Dube, Jones, Lyons and Preherno.

          2.   Showers

     On the other hand, Cole's complaints of being permitted to shower for only eight days over a one month period do not allege deprivations sufficiently extreme to establish a cognizable Fourteenth Amendment claim.  See Sealey v. Giltner, 197 F.3d 578, 589-90 (2d Cir. 1999) (finding no constitutional violation where an inmate was confined to his cell twenty-three hours a day,

8

permitted no more than three showers a week and was granted
limited library privileges and no telephone privileges);
Hightower v. Vose, 95 F.3d 1146 (1st Cir. 1996) (finding no
constitutional violation where inmate was denied a shower for
eight days); Cherry v. Berge, No. 05-C-38-C, 2005 WL 1168323, at
* 4 (W.D. Wis. May 17, 2005)(finding no Eighth Amendment
violation where inmate was denied a shower for two weeks).

Here, the record reflects that while Cole was confined in
disciplinary segregation, he was provided with two showers a week
during a one month period.  On the remaining days, Cole
complains, he was forced to bathe in the cell sink and use cold
water, all of which caused him "a great deal of humiliation and a
loss of dignity."  Even construing his allegations generously, I
find that the restrictions imposed on Cole are not sufficiently
extreme to establish a cognizable Fourteenth Amendment claim.
Accordingly, I conclude that he has failed to state a Fourteenth
Amendment claim premised upon the denial of adequate showers and
recommend that this claim be dismissed in its entirety.

B.   Equal Protection

Cole, a pretrial detainee, alleges that defendants have
abridged his right to equal protection under the Fourteenth
Amendment by denying him the same amount of recreational time and

library access as that afforded to convicted inmates.

The Equal Protection Clause of the Fourteenth Amendment mandates that similarly situated persons be treated alike absent a rational basis for doing otherwise.  See City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432, 440 (1985)(citations omitted);  accord Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000)(recognizing equal protection claim where plaintiff alleges that [he] has been intentionally treated differently from others similarly situated and there is no rational basis for the difference in treatment).  In the prison context, the Equal Protection Clause of the Fourteenth Amendment forbids a state from arbitrarily treating one group of prisoners worse than another.  Anderson v. Romero, 72 F.3d 518, 526 (7th Cir. 1995); see also Young v. King County, 70 Fed. Appx. 939, 941 (9th Cir. 2003) (unpublished) (holding that the Equal Protection Clause "does not allow pretrial detainees to be *unjustifiably* held in conditions worse than those under which convicted prisoners are held.").  The Equal Protection Clause "requires inmates to be treated equally, unless unequal treatment bears a rational relation to a legitimate penal interest." May v. Sheahan, 226 F.3d 876, 882 (7th Cir. 2000).  However, "[p]rison officials may differentiate based on legitimate penological concerns, such as

10

security, and are accorded substantial deference in such matters." <u>Davis v. Milwaukee County</u>, 225 F.Supp. 2d 967, 980 (E.D. Wis. 2002)(citations omitted).

In this action, Cole alleges that as a pretrial detainee, he was discriminated against on the basis of his pretrial status and was treated worse than the convicted inmates.  While confined in the general prison population at the CCDOC, Cole allegedly was given less outside recreation time and less law library access than that afforded to convicted inmates.  He alleges that he reported the difference in treatment to Brunault, Gagnon, Blais, Dube, Jones, Lyons and Preherno and that defendants were aware of his complaints but failed to remedy the problem.  The record is silent as to whether the alleged unequal treatment bore a rational relation to a legitimate penal interest.  Without knowing whether defendants had security or other institutional concerns to justify the different treatment, I cannot, at this preliminary stage of the proceedings, conclude that equal protection was not violated.  Accordingly, I find that Cole has stated a cognizable Fourteenth Amendment equal protection claim against Brunault, Gagnon, Blais, Dube, Jones, Lyons and Preherno.

C.  Meaningful Access to the Courts

Cole alleges that he was denied communications with his attorney and the use of adequate law library facilities, in violation of his Sixth Amendment right to counsel and his Fourteenth Amendment right to access the courts.

1.  Right to Counsel

It is undisputed that inmates have a constitutionally protected right of meaningful access to the courts.  See Bounds v. Smith, 430 U.S. 817, 828 (1977); Wolff v. McDonnell, 418 U.S. 539, 556 (1974); Boivin v. Black, 225 F.3d 36, 42 (1st Cir. 2000).

> This right is one of the privileges and immunities accorded citizens under article 4 of the Constitution and the Fourteenth Amendment.  It is also one aspect of the First Amendment right to petition the government for redress of grievances.  Finally, the right of access is founded on the due process clause and guarantees the right to present to a court of law allegations concerning the violation of constitutional rights.

Smith v. Maschner, 899 F.2d 940, 947 (10th Cir. 1990)(citing Nordgren v. Milliken, 762 F.2d 851, 853 (10th Cir. 1985)).  "[A] prisoner's right of access to the courts includes contact visitation with his counsel."  Ching v. Lewis, 895 F.2d 608, 609–610 (9th Cir. 1990)(denial of opportunity to confer privately with attorney abridges prisoner's meaningful access to the

12

courts); see also Nees v. Bishop, 730 F.2d 606, 613 (10th Cir. 1984)("[T]here might well be a violation of the constitutional right of access to the courts by refusal of contact with an attorney.").

"[T]he right to counsel and the right of access to the courts are interrelated, since the provision of counsel can be a means of accessing the courts." Benjamin v. Fraser, 264 F.3d 175, 186 (2d Cir. 2001).  In challenging regulations which adversely affect the Sixth Amendment right to counsel by impeding attorney visitation, a pretrial detainee is not required to demonstrate actual injury.  Id.  "[I]n the context of the right to counsel, unreasonable interference with the accused person's ability to consult counsel is itself an impairment of the right." Id. at 185.  See also Maine v. Moulton, 474 U.S. 159, 170 (1985)("to deprive a person of counsel during the period prior to trial may be more damaging than denial of counsel during the trial itself); Johnson-El v. Schoemehl, 878 F.2d 1043, 1051 (8th Cir. 1989)(when pretrial detainee's interest in effective communication with attorney is inadequately respected during pretrial confinement, the ultimate fairness of eventual trial can be compromised); Wolfish v. Levi, 573 F.2d 118, 133 (2d Cir. 1978)("[O]ne of the most serious deprivations suffered by a

pretrial detainee is the curtailment of his ability to assist in his own defense.").

Here, while Cole was confined in disciplinary segregation, he was granted telephone privileges but only for fifteen minutes a day on the weekends.  As a result, Cole claims, he was constructively barred from communicating with his attorney.  He allegedly reported the deprivation to Brunault, Gagnon, Blais, Dube, Jones, Lyons and Preherno, however, defendants failed to remedy the problem.  If true, the allegations demonstrate that defendants have substantially interfered with Cole's attorney-client communications and his right to access the courts.  Accordingly, I conclude that he has alleged cognizable Sixth and Fourteenth Amendment claims against Brunault, Gagnon, Blais, Dube, Jones, Lyons and Preherno.

> 2.   Access to Law Library and
>       Adequate Library Facilities

Cole further alleges that defendants have denied him meaningful access to the courts by restricting his access to the prison law library and providing him with inadequate law library facilities.

While inmates have a constitutionally protected right of meaningful access to the courts, see Bounds, 430 U.S. at 828,

14

this right only "'requires prison authorities to assist inmates
in the preparation and filing of meaningful legal papers by
providing prisoners with adequate law libraries or adequate
assistance from persons trained in the law.'" Carter v. Fair,
786 F.2d 433, 435 (1st Cir. 1986)(quoting Bounds, 430 U.S. at
828)).  To establish a claim for denial of the right to access
the courts, an inmate must allege that he suffered actual injury
as a result of defendants' actions.  See Lewis v. Casey, 518 U.S.
343, 351–52 (1996).  He cannot establish relevant actual injury
simply by alleging that "his prison's law library or legal
assistance program is subpar in some theoretical sense." Id. at
351.  He must demonstrate that the alleged shortcomings in the
law library or legal assistance program "hindered his efforts to
pursue a legal claim." Id.  ("He might show, for example, that a
complaint he prepared was dismissed for failure to satisfy some
technical requirement which, because of deficiencies in the
prison's legal assistance facilities, he could not have known.
Or that he had suffered arguably actionable harm that he wished
to bring before the courts, but was so stymied by inadequacies of
the law library that he was unable even to file a complaint.").

Here, Cole claims that while he was confined in disciplinary
segregation he was denied law library access, and while confined

in the general prison population he was afforded library access only twice week.  Absent actual injury, however, there is no indication that the restricted access and inadequate facilities violate his right to access the courts.  See Sherman v. Peters, No. 92-C-2192, 1996 WL 521404, at *1, 3-4 (N.D. Ill. Sept. 11, 1996) (absent injury, two hours per week of library time not a violation of right to access courts); Hains v. Washington, NO. 96-C-2657, 1996 WL 685453, at * 3 (N.D. Ill. Nov. 25, 1996)(two hours per week of regular library time not a violation of right to access courts, even where library is continually closed under the pretext of institutional security reasons); Hoover v. Watson, 886 F. Supp. 410, 420 (D. Del. 1995) (two to three hours per week of library time not a violation of right to access courts).  Cole has not identified any actual injury resulting from his restricted access to the library and has been able to file pleadings in this case.  Nor has he alleged that any action by the defendants has frustrated or impeded a specific legal claim. Without demonstrating that defendant's interference prevented him from participating meaningfully in the legal process, Cole fails to allege any constitutional deprivation.  Accordingly, I recommend dismissal of this claim in its entirety.

II.  <u>Municipal and Supervisory Liability</u>

Construed liberally, the complaint names the CCDOC, a municipal entity, as a defendant in this action.  Municipalities and local government entities are "persons" within the meaning of Section 1983.  <u>See</u> <u>Monell</u>, 436 U.S. at 690.  A municipal entity cannot be held liable under Section 1983 on a theory of *respondeat superior* or vicarious liability; rather the municipality itself must proximately cause the constitutional injury, through promulgation or tacit approval of a policy or custom.  <u>See</u> <u>City of Canton v. Harris</u>, 489 U.S. 378, 385 (1989).  To state a viable Section 1983 claim, a plaintiff must allege in substance that the challenged municipal custom or policy was the "moving force" behind the constitutional violations.  <u>See</u> <u>Board of the County Comm'rs v. Brown,</u> 520 U.S. 397, 404 (1997); <u>McCabe v. Life-Line Ambulance Serv.</u>, 77 F.3d 540, 544 (1st Cir. 1996) (citations omitted).  Supervisors similarly can be held liable only on the basis of their own acts or omissions, amounting to reckless or callous indifference to the constitutional rights of others.  <u>See</u> <u>Gaudreault v. Salem</u>, 923 F.2d 203, 209 (1st Cir. 1990).

In this action, if Cole intends to pursue claims against the CCDOC, he must, at a minimum, allege that his constitutional

deprivations were the product of a municipal custom or policy.
Liberally construing the complaint, I conclude that the wrongful
conduct ascribed to the CCDOC was the product of an
unconstitutional municipal custom or policy.  The alleged
deprivations stem from CCDOC policy governing the treatment of
pretrial detainees.  Construed liberally, the complaint suggests
that CCDOC was the "moving force" behind the acts or omissions
allegedly taken by its subordinate officers.  Accordingly, I
conclude that the complaint states a viable claim premised upon
municipal liability against the CCDOC.

The complaint also names Collins in her official capacity as
the Acting Superintendent of the CCDOC.  Official capacity suits
against officers of an agency are simply "another way of pleading
an action against an entity of which an officer is an agent."
Monell, 436 U.S. at 690 n.55.  See also Brandon v. Holt, 469 U.S.
464, 471 (1985)(suits against parties in their official
capacities treated as suits against the municipality).  While
Collins' conduct may not rise to the level of deliberate
indifference, her acts or omissions may amount to reckless or
callous indifference to Cole's constitutional rights.  As an
employee of the CCDOC, Collins had knowledge of the municipal
policy that allegedly caused the underlying deprivations.

18

Because I find municipal liability as to the CCDOC, I extend that reasoning to Collins and conclude that the official capacity claims against her are cognizable for purposes of preliminary review.

III. <u>Appointment of Counsel</u>

Cole requests appointment of counsel, asserting that he has limited knowledge of legal procedures and is unable to understand the complexities of his case (document no. 3).  He further alleges that he has "a speech impediment that would significantly hinder the presentation of the complaint" and is unable to gather evidence in support of his claims.  As a result, he is unable to adequately represent himself.

An indigent litigant must show that exceptional circumstances exist to justify appointment of counsel, such that without counsel the litigant most likely would be unable to obtain due process of the law.  <u>See</u> <u>DesRosiers v. Moran</u>, 949 F.2d 15, 23-24 (1st Cir. 1991).  "In determining whether the circumstances are 'exceptional,' courts have considered such factors as the merits of the case, the litigant's capability of conducting a factual inquiry, the complexity of the legal and factual issues, and the ability of the litigant to represent [himself]."  <u>Weir v. Potter</u>, 214 F. Supp. 2d 53, 54 (D. Mass.

2002)(citing <u>Cookish v. Cunningham</u>, 787 F.2d 1, 2 (1st Cir. 1986)).

While Cole maintains that he is unable to represent himself adequately, he has not demonstrated an inability to litigate or other exceptional circumstances to justify the appointment of counsel.  He has filed an articulate complaint in which he has presented his claims clearly and effectively.  At this preliminary stage in the proceedings, appointment of counsel does not appear to be necessary.  Having considered his circumstances and the applicable law regarding his rights to legal representation, I deny his request without prejudice to it being renewed at a later date should circumstances warrant renewal.

### Conclusion

For the reasons stated above, I conclude that Cole has stated cognizable Sixth and Fourteenth Amendment claims premised upon the denial of recreation, equal protection, meaningful access to the courts and the right to counsel against the CCDOC, Collins, Brunault, Gagnon, Blais, Dube, Jones, Lyons and Preherno.  I recommend dismissal of all remaining claims.  Accordingly, by separate order issued simultaneously with this report and recommendation, I authorize the above viable claims to proceed.  I further recommend that Cole's motion for appointment

of counsel be denied and that his motion to serve defendants by the United States Marshal (document no. 5) be granted.

If this recommendation is approved, the claims as identified in this report and recommendation, will be considered for all purposes to be the claims raised in the complaint.  If the plaintiff disagrees with the identification of the claims herein, he must do so by objection filed within ten (10) days of receipt of this report and recommendation, or he must properly move to amend the complaint.

Any further objection to this report and recommendation must be filed within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the district court's order.  <u>See</u> 28 U.S.C. § 636(b)(1); <u>see also</u> <u>Unauthorized Practice of Law Committee v. Gordon</u>, 979 F.2d 11, 13-14 (1st Cir. 1992); <u>United States v. Valencia-Copete</u>, 792 F.2d 4, 6 (1st Cir. 1986).

_____
James R. Muirhead
United States Magistrate Judge

Date: October 30, 2006

cc:  Michael J. Cole, pro se

21